IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| WILLIAM BRISCO, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-854-SLR |
| | ) | |
| PERRY PHELPS, | ) | |
| Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE | ) | |
| OF DELAWARE | ) | |
| | ) | |
| Respondents. | ) | |

William Brisco. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice,
Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

November $\mathcal{H}$ , 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is William Brisco's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is a Delaware inmate in custody at the James T. Vaughan Correctional Center, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In May 2005, a New Castle County grand jury indicted petitioner on four counts of first degree robbery and related charges. A four day jury trial was held in the Delaware Superior Court in October 2005, during which petitioner testified on his own behalf. On cross-examination, he admitted committing one of the robberies. On October 25, 2005, a Delaware Superior Court jury found petitioner guilty of two counts of first degree robbery, and acquitted him on the other two counts. The Superior Court sentenced petitioner in March 2006 to seven years and six months at Level V incarceration for the first robbery conviction, suspended after five years for two years and six months of decreasing levels of probation. As to the second robbery conviction, petitioner was sentenced to seven years at Level V incarceration, suspended after five years for two years of Level III probation.

Petitioner's counsel filed a timely notice of appeal, an opening appellate brief, and a motion to withdraw pursuant to Delaware Supreme Court Rule 26(c). Counsel stated that he had carefully and completely examined the record and concluded that there were no arguably appealable issues. *Brisco v. State*, 918 A.2d 1170 (Table), 2007 WL 241133, at *1 (Del. Jan. 30, 2007). By letter, counsel informed petitioner of

the provisions of Rule 26(c), and provided petitioner with a copy of his motion to withdraw and the accompanying brief. Counsel also informed petitioner of his right to supplement the brief, but petitioner did not raise any issues to be considered on appeal. *Id.* The Delaware Supreme Court subsequently affirmed petitioner's convictions and sentences, explicitly concluding that petitioner's appeal was "wholly without merit and devoid of any arguably appealable issues." *Id.*

In September 2007, acting pro se, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging ineffective assistance of appellate counsel. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on post-conviction appeal.

Petitioner timely filed the application for federal habeas corpus relief presently pending in this court. (D.I. 1) The State filed its answer, asking the court to deny the application in its entirety. (D.I. 12)

## III. STANDARD OF REVIEW

If a state court adjudicated a petitioner's habeas claim on the merits, a federal district court can only grant habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits"

2

for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). In determining whether the federal law is "clearly established," the focus is on Supreme Court holdings, rather than dicta, that were clearly established at the time of the pertinent state court decision. *See Greene v. Palakovich*, 606 F.3d 85 (2010).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Petitioner's application asserts the following two claims for relief: (1) counsel provided ineffective assistance on direct appeal by failing to argue that the trial evidence was insufficient to support his first degree robbery convictions; and (2) counsel provided ineffective assistance on direct appeal by failing to argue that the indictment was defective. Petitioner presented these arguments to the Superior Court in his Rule 61 motion. The Superior Court denied the claims as meritless, and the Delaware Supreme Court affirmed that decision. Therefore, the court can only grant

3

habeas relief if the Delaware Supreme Court's decision is contrary to, or an unreasonable application of, clearly established federal law, or if the decision was based upon an unreasonable determination of the facts as presented by the parties.

The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard announced in *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

The *Strickland* test applies to the performances of both trial and appellate counsel. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). When the issue is appellate counsel's failure to raise specific issues, a petitioner satisfies the first *Strickland* prong by showing that appellate counsel was "objectively unreasonable in

4

failing to find arguable issues to appeal – that is, that counsel failed to find nonfrivolous issues and to file a merits brief about them." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). An "arguable issue" is "one that counsel can argue in good faith with some potential for prevailing." *Id.* A petitioner satisfies the prejudice prong of *Strickland* by showing a reasonable probability that he would have prevailed on appeal but for appellate counsel's allegedly unreasonable failure to raise an issue in a merits brief. *Id.* The general principle established by *Smith* is that appellate counsel need not raise every non-frivolous issue on appeal; he "may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.

In petitioner's state post-conviction proceeding, the Superior Court and the Delaware Supreme Court denied the instant ineffective assistance of counsel arguments after correctly identifying the *Strickland* standard and analyzing the claims within its framework. Therefore, the court concludes that the Delaware Supreme Court's denial of these two arguments was not contrary to clearly established Supreme Court precedent. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry is not over, however, because it must also determine whether the Delaware Supreme Court unreasonably applied *Strickland* in rejecting petitioner's arguments. The court will address each assertion of error in turn.

## A. Claim One: counsel failed to argue that there was insufficient evidence to support petitioner's two first degree robbery convictions

In his first claim, petitioner contends that appellate counsel erred in failing to

5

argue that he could only have been convicted of second degree burglary, and not first

degree burglary, because his victims did not actually see a gun during the robberies.

Petitioner relies on the Delaware Supreme Court decision, *Walton v. State*, 821 A.2d

871 (Del. 2003), to support this argument. The court, however, is not persuaded. The

Delaware Supreme Court decided *Walton* in April 2003, when the robbery statute

provided, in relevant part:

> (a) A person is guilty of robbery in the first degree when the person commits the
> crime of robbery in the second degree and when, in the course of the
> commission of the crime or of immediate flight therefrom, the person or another
> participant in the crime:

> \*    \*    \*

> (2) Displays what appears to be a deadly weapon[.]

11 Del. Code Ann. § 832. In *Walton*, the Delaware Supreme Court reversed 25 years

of Delaware legal precedent by redefining the meaning of the "displays what appears to

be a deadly weapon" requirement in § 832(a)(2), specifically holding that a "verbal

threat cannot, itself, be a display of what appears to be a deadly weapon."[1]  *Walton*,

821 A.2d at 877.  Thereafter, "in an effort to rehabilitate the inherent import of the

---

[1] Prior to *Walton*,

Delaware courts had attributed the word "displays" under the statute to denote,
not only the notion of spreading before view or exhibiting to the sight, but also
that which is manifested to any of the victim's senses.  A weapon was
"displayed" to a victim, for purposes of the statute, if the weapon was exhibited to
the victim's mind through any of the victim's senses.  The "displays" requirement
could be predicated only on the victim's belief that a defendant possessed a
deadly weapon, and some objective manifestation of a weapon, even if the
weapon was unseen.  In almost very case, the objective manifestation was in the
form of a defendant alleging to have a weapon while concealing his or her hand
under a piece of clothing.

*State v. Smith*, 2004 WL 1551513, at \*4 (Del. Super. June 28, 2004).

statute to its original intent," the Delaware State Legislature amended § 832(a)(2) on June 30, 2003 by striking the phrase "deadly weapon" and inserting the phrase "deadly weapon or represents by word or conduct that he or she is in possession or control of a deadly weapon." *Smith,* 2004 WL 1551513, at *1 and *5. Under the June 2003 amended version[2] of the statute, the issue as to whether or not a defendant displayed a gun is irrelevant, so long as the defendant threatened that he had a weapon. In fact, the General Assembly explained in its synopsis of amended § 832(a) that it intended first degree robbery to "apply whenever a criminal intends to intimidate a robbery victim by threatening the presence of a deadly weapon, regardless of whether the intimidation is accomplished by a physical display of what appears to be a deadly weapon or a verbal threat or other conduct that clearly implies that the criminal is so armed." *Synopsis*, 74 Del. Laws ch. 93 (2003).

Here, petitioner committed the two offenses at issue in 2005. Consequently, the June 2003 amended version of § 832 governed his offenses, not the Delaware Supreme Court's interpretation of the prior version of § 832 as set forth in the *Walton* decision. Additionally, the testimony during petitioner's trial established that he presented a note clearly stating he had a gun during the two robberies for which he was convicted. Based on this record, when denying petitioner's first ineffective assistance of counsel claim, both the Delaware Superior Court and the Delaware Supreme Court held that petitioner's insufficient evidence/*Walton* argument was meritless, because petitioner had engaged in conduct that clearly implied he was armed. In other words,

---

[2]The current version of § 832 is identical to the June 2003 amended version.

7

petitioner's note satisfied the "displays" requirement in amended § 832. *State v. Brisco*, Case No. 0504018114, Order, at ¶¶ 10, 11 (Del. Super. Feb. 19, 2008); *Brisco*, 2008 WL 2520766, at *1.

The Supreme Court has repeatedly held that a federal court on habeas review is bound by a state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 126 S.Ct. 602, 604 (2005)(citing *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991)). In turn, it is well-settled that an attorney does not provide ineffective assistance by failing to assert meritless arguments. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Accepting, as it must, the Delaware Supreme Court's conclusion that petitioner's *Walton* argument lacked merit, the court concludes that the Delaware Supreme Court did not unreasonably apply *Strickland* in determining that appellate counsel was not ineffective by failing to raise the meritless *Walton*/insufficient evidence argument on direct appeal. The court also concludes that the decision issued by the Delaware Supreme Court was based upon a reasonable determination of the facts in light of the evidence presented by the parties. Accordingly, the court will deny claim one because petitioner has failed to satisfy the requirements of § 2254(d).

### B. Claim two: appellate counsel failed to argue that the indictment did not define the term "deadly weapon."

In his second claim, petitioner contends that counsel provided ineffective assistance on direct appeal by failing to argue that the indictment was defective under Delaware state law because it did not precisely specify the type of gun he possessed during the commission of the robberies. (D.I. 2, at pp. 5-7; D.I. 14, at pp. 3-6) Once again, the court concludes that petitioner's argument is unavailing.

8

During petitioner's post-conviction appeal, the Delaware Supreme Court held that, pursuant to well-settled Delaware law,[3] the indictment provided petitioner with sufficient notice of the charges against him because it "referred to a 'gun' as the deadly weapon in question." *Brisco*, 2008 WL 2520766, at *1. The court is bound by the Delaware Supreme Court's interpretation and application of Delaware state law and, therefore, accepts its conclusion that petitioner's indictment provided petitioner with sufficient notice of the charges against him under Delaware law. Given this determination, the court concludes the Delaware Supreme Court reasonably applied *Strickland* in holding that counsel's failure to raise the meritless "defective indictment" argument on direct appeal did not amount to ineffective assistance. The court also concludes that the Delaware Supreme Court's decision constituted a reasonable determination of the facts in light of the evidence presented by the parties. Accordingly, the court will deny claim two because petitioner has failed to satisfy the requirements of § 2254(d).[4]

---

[3]Generally, the sufficiency of an indictment is a matter of state substantive law. *Getz v. Snyder*, 1999 WL 127247, at *5 n.15 (D. Del. Feb. 18, 1999). Nevertheless, the court notes that Delaware's standard for determining the sufficiency of an indictment is the same as the federal standard. *See Russell v. United States*, 369 U.S. 749, 763-64 (1962); *Malloy v. State*, 462 A.2d 1088 (Del. 1983).

[4]The Sixth Amendment guarantees the right to be informed of the nature and cause of the accusation. The Due Process Clause of the Fourteenth Amendment also requires reasonable notice and information of a specific charge against the accused. In this case, petitioner has alleged that counsel was ineffective for failing to argue that his indictment was defective under Delaware state law. However, even if petitioner's contention could be construed as alleging that counsel erred by not arguing that the "defective indictment" deprived him of his federal right to due process, the court would still deny habeas relief. As explained by the United States Supreme Court, the sufficiency of an indictment is measured by two criteria: "first, whether [it] contains the elements of the offense intended to be charged, and sufficiently apprises the defendant

9

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court

must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2

(2008). A certificate of appealability is appropriate when a petitioner makes a

"substantial showing of the denial of a constitutional right" by demonstrating "that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484

(2000).

For the reasons stated above, the court concludes that petitioner's habeas

application must be denied. Reasonable jurists would not find this conclusion

debatable. Consequently, a certificate of appealability will not be issued.

_____

of what he must be prepared to meet, and, secondly, in case any other proceedings are
taken against him for a similar offense whether the record shows with accuracy to what
extent he may plead a former acquittal or conviction." Russell v. United States, 369
U.S. 749, 763-64 (1962). When denying the instant claim on post-conviction appeal,
the Delaware Supreme Court explained that "[o]ne of the primary purposes of an
indictment is to put the accused on notice of what specific charges have been brought
against him," and that "identifying the deadly weapon in the indictment constitutes
sufficient notice to the accused." Brisco, 2008 WL 2520766, at *1. The Delaware
Supreme Court then held that the indictment provided petitioner with sufficient notice of
the charges against him because it "referred to a 'gun' as the deadly weapon in
question." Id.

Having thoroughly reviewed the record and the Delaware Supreme Court's
decision within the framework established by Russell, the court concludes that the
Delaware Supreme Court reasonably applied clearly established federal law in holding
that petitioner's indictment was not defective. Accordingly, even if petitioner's "defective
indictment" claim is based on a violation of the federal due process clause, rather than
on an error of Delaware law, the Delaware Supreme Court reasonably applied
Strickland in denying claim two. The Delaware Supreme Court's decision also
constituted a reasonable determination of the facts.

## VI. CONCLUSION

The court will deny petitioner's application for habeas relief filed pursuant to 28

U.S.C. § 2254.

An appropriate order will be entered.